UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-237 |
| CHRISTOPHER M. SCHWAB | SECTION "R" (3) |

## ORDER AND REASONS

Melissa Schwab, defendant's mother, files for compassionate release on behalf of defendant.[1] At a minimum, Ms. Schwab fails to demonstrate that defendant has met the statute's exhaustion requirement or that there are "extraordinary and compelling reasons" meriting defendant's compassionate release. The motion is denied.

### I.  BACKGROUND

On March 19, 2014, defendant pleaded guilty to four counts of production of child pornography, one count of distribution of child pornography, and one count of receipt of child pornography in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a)(2).[2] According to the factual

---

[1]   R. Doc. 54.
[2]   R. Doc. 44 at 1.

basis Schwab signed, he "admitted to producing, downloading, and distributing images depicting the sexual victimization of children."[3]

Schwab has served approximately eighty-two months of a 240-month term of imprisonment, to be followed by a twenty-five-year term of supervised release.[4] Defendant's mother now moves for compassionate release on behalf of defendant, citing the COVID-19 pandemic.[5]

## II.  DISCUSSION

### A. Exhaustion

Ms. Schwab's compassionate release motion fails to demonstrate that defendant has satisfied the exhaustion requirement. Before a court will assess the merits of a compassionate release request, the defendant must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The motion does not show that the defendant has exhausted "administrative rights to appeal" or that "30 days [have passed] from the receipt of such a request by

---

[3]   R. Doc. 27 at 2.
[4]   R. Doc. 44 at 2-3.
[5]   R. Doc. 54.

the warden." Failure to exhaust these administrative remedies "presents a glaring roadblock" to defendant's release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### B. Extraordinary Reasons

Moreover, the petition does not argue that there are "extraordinary and compelling reasons" to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Circumstances that might meet the "extraordinary and compelling reasons" standard include (1) "terminal illness," (2) serious physical or mental conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," (3) a defendant's age starting at 65, or (4) family circumstances increasing a defendant's caregiving responsibilities to their minor children or spouse. *See* U.S.S.G. § 1B1.13. The petition makes no mention of relevant factors that fall into the above categories.

### C. The Seriousness of the Offense

Finally, when determining whether to grant compassionate release, courts must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(a)(1)(A). Those factors, specifically "need for the sentence imposed . . . to reflect the seriousness of the offense," militate heavily against Schwab's compassionate release. The defendant pleaded guilty to several counts

3

related to the production, possession, and distribution of child pornography. The Court finds that defendant's sentence would not "reflect the seriousness of the offense" were he released after serving eighty-two months, or about thirty-four percent, of his term of imprisonment.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion.

New Orleans, Louisiana, this __24th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE